Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
IGNACIO GOMEZ, *individually and on behalf*
*of others similarly situated,*

                                Plaintiff,

                        -against-

BOGOPA MADISON LLC. (d/b/a
FINE FARE SUPERMARKET,
TONY CORONA (a.k.a. LUIS
CORONA),  and RODOLFO
FUENTES (a.k.a. RODOLFO
FUERTES),

                                *Defendants.*
-------------------------------------------------------X

                                        **COMPLAINT**

                                **COLLECTIVE ACTION**
                                **UNDER 29 U.S.C. § 216(b)**

                                        **ECF Case**

        Plaintiff Ignacio Gomez ("Plaintiff Gomez" or "Mr. Gomez"), individually and on behalf

of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C.,

upon information and belief, and as against each of defendants Bogopa Madison LLC. (d/b/a

Fine Fare Supermarket) ("Defendant Corporation"), Tony Corona (a.k.a. Luis Corona) and

Rodolfo Fuentes (a.k.a. Rodolfo Fuertes) (collectively, "Defendants"), alleges as follows:

                                **NATURE OF ACTION**

        1.      Plaintiff Gomez is a former employee of Defendants Bogopa Madison LLC. (d/b/a

Fine Fare Supermarket), Tony Corona (a.k.a. Luis Corona) and Rodolfo Fuentes (a.k.a. Rodolfo

Fuertes).

2.      Fine Fare is a supermarket owned by Tony Corona (a.k.a. Luis Corona) and Rodolfo Fuentes (a.k.a. Rodolfo Fuertes) located at 1718 Madison Ave, New York, NY 10029.

3.      Upon information and belief, Defendants Tony Corona (a.k.a. Luis Corona), and Rodolfo Fuentes (a.k.a. Rodolfo Fuertes) serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the supermarket.

4.      Plaintiff Gomez is a former employee of Defendants.

5.      Plaintiff Gomez was employed as a stocker.

6.      At all times relevant to this Complaint, Plaintiff Gomez worked for Defendants in excess of 40 hours per week, without receiving the appropriate overtime compensation for the hours over 40 per week that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants' conduct extended beyond Plaintiff Gomez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gomez and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

10.      Plaintiff Gomez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et*

*seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146, including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Gomez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Gomez's state law claims is conferred by 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Gomez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Ignacio Gomez ("Plaintiff Gomez" or "Mr. Gomez") is an adult individual residing in Bronx County, New York. Plaintiff Gomez was employed by Defendants from approximately November 20, 2008 until on or about June 22, 2017.

15.     Plaintiff Gomez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.    At all times relevant to this complaint, Defendants own, operate, and/or control a supermarket located at 1718 Madison Ave, New York, NY 10029 under the name "Fine Fare".

17.    Upon information and belief, Bogopa Madison LLC. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 1718 Madison Ave, New York, NY 10029.

18.    Defendant Tony Corona (a.k.a. Luis Corona) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Tony Corona (a.k.a. Luis Corona), is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

19.    Defendant Tony Corona (a.k.a. Luis Corona) possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

20.    Defendant Tony Corona (a.k.a. Luis Corona) determined the wages and compensation of the employees of Defendants, including Plaintiff Gomez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21.    Defendant Rodolfo Fuentes (a.k.a. Rodolfo Fuertes) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Rodolfo Fuentes (a.k.a. Rodolfo Fuertes) is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

22.   Defendant Rodolfo Fuentes (a.k.a. Rodolfo Fuertes) possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

23.   Defendant Rodolfo Fuentes (a.k.a. Rodolfo Fuertes) determined the wages and compensation of the employees of Defendants, including Plaintiff Gomez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.   Defendants operate a supermarket located at 1718 Madison Ave, New York, NY 10029.

25.    Individual Defendants Tony Corona (a.k.a. Luis Corona) and Rodolfo Fuentes (a.k.a. Rodolfo Fuertes) possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

26.   Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

27.   Each Defendant possessed substantial control over Plaintiff Gomez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gomez, and all similarly situated individuals, referred to herein.

28.    Defendants jointly employed Plaintiff Gomez, and all similarly situated individuals, and were Plaintiff Gomez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.    In the alternative, Defendants constituted a single employer of Plaintiff Gomez and/or similarly situated individuals.

30.    Upon information and belief, individual defendants Tony Corona (a.k.a. Luis Corona) and Rodolfo Fuentes (a.k.a. Rodolfo Fuertes) operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)  defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)  transferring assets and debts freely as between all Defendants;

(d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)  intermingling assets and debts of their own with Defendant Corporation;

(g)  diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)  other actions evincing a failure to adhere to the corporate form.

6

31.    At all relevant times, Defendants were Plaintiff Gomez's employers within the meaning of the FLSA and NYLL.

32.    Defendants had the power to hire and fire Plaintiff Gomez, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Gomez's services.

33.    In each year from 2011 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the supermarket on a daily basis, such as food, were produced outside of the State of New York.

### Individual Plaintiff

35.    Plaintiff Gomez is a former employee of Defendants, employed in performing the duties of a stocker.

36.    Plaintiff Gomez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### Plaintiff Ignacio Gomez

37.    Plaintiff Gomez was employed by Defendants from approximately November 20, 2008 until on or about June 22, 2017.

38.    At all relevant times, Plaintiff Gomez was employed by Defendants as a stocker.

39.    Plaintiff Gomez regularly handled goods in interstate commerce, such as cleaning supplies and houseware produced outside of the State of New York.

40.    Plaintiff Gomez's work duties required neither discretion nor independent judgment.

41.    Throughout his employment with Defendants, Plaintiff Gomez regularly worked in excess of 40 hours per week.

42.    From approximately July 2011 until on or about February 2016, Plaintiff Gomez worked from approximately 10:00 p.m. until on or about 7:00 a.m., seven days a week (typically 63 hours per week).

43.    From approximately February 2016 until on or about June 22, 2017, Plaintiff Gomez worked from approximately 10:00 p.m. until on or about 7:00 a.m., six days a week (typically 54 hours per week).

44.    Throughout his employment with Defendants, Plaintiff Gomez was paid his wages in cash.

45.    From approximately July 2011 until on or about February 2016, Defendants paid Plaintiff Gomez a fixed salary of $700 per week.

46.    From approximately February 2016 until on or about June 22, 2017, Defendants paid Plaintiff Gomez a fixed salary of $750 per week.

47.    Defendants never granted Plaintiff Gomez a meal break or rest period of any kind.

48.    Defendants did not provide Plaintiff Gomez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3). Rather, from approximately 2015 until on or about June 2017, defendants required Plaintiff Gomez to sign a wages and hours statement (the contents of which he was not allowed to review) to receive his weekly pay; however, Defendants kept those statements.

49.    Prior to 2015, Plaintiff Gomez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

50.    Defendants never provided Plaintiff Gomez with a written notice, in English and in Spanish (Plaintiff Gomez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gomez regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

52.    Defendants regularly required Plaintiff Gomez to work in excess of forty (40) hours per week without paying him the appropriate overtime premiums.

53.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gomez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

54.    Plaintiff Gomez was paid his wages entirely in cash.

55.    Prior to 2015 Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

56.    By employing these practices, Defendants avoided paying Plaintiff Gomez overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

57.     Defendants failed to post required wage and hour posters in the supermarket, and did not provide Plaintiff Gomez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Gomez's relative lack of sophistication in wage and hour laws.

58.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gomez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gomez properly for overtime due.

59.     Defendants failed to provide Plaintiff Gomez  and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60.     Defendants failed to provide Plaintiff Gomez  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61.     Plaintiff Gomez brings his FLSA overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

62.     At all relevant times, Plaintiff Gomez  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

63.     The claims of Plaintiff Gomez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

64.     Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

65.     At all times relevant to this action, Defendants were Plaintiff Gomez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff

Gomez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

66.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Gomez  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

69.     Defendants' failure to pay Plaintiff Gomez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

70.      Plaintiff Gomez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE NEW YORK STATE
### LABOR LAW'S OVERTIME PROVISIONS

71.     Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Gomez  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

73.     Defendants' failure to pay Plaintiff Gomez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

74.     Plaintiff Gomez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## THIRTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

75.     Plaintiff Gomez repeats and realleges all paragraphs above as though fully set forth herein.

76.     Defendants failed to provide Plaintiff Gomez with a written notice, in English and in Spanish (Plaintiff Gomez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

77.     Defendants are liable to Plaintiff Gomez in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

78.     Plaintiff Gomez repeats and realleges all paragraphs above as though set forth fully herein.

79.     Defendants did not provide Plaintiff Gomez with a statement of wages with each payment of wages, as required by NYLL 195(3).

80.     Defendants are liable to Plaintiff Gomez in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gomez respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gomez and the FLSA class members;

(c)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gomez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Gomez  and the FLSA class members;

(e)      Awarding Plaintiff Gomez and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)      Awarding Plaintiff Gomez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gomez  and the members of the FLSA Class;

14

(h)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Gomez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Gomez's , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Gomez  and the FLSA Class members;

(k)     Awarding Plaintiff Gomez and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

(l)     Awarding Plaintiff Gomez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Gomez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)     Awarding Plaintiff Gomez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Gomez and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Gomez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       July 3, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____
By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*