# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 2540 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

October 6, 2017

**VIA ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      Re:    Gomez v. Bogopa Madison LLC, et al.;
             Case No. 17-cv-5006

Your Honor:

      This office represents Plaintiff Ignacio Gomez ("Plaintiff") in the above-referenced matter. We write, together with Defendants' counsel, to respectfully request that the Court approve the parties' proposed settlement agreement (the "Agreement").

      The parties have come to an Agreement after extensive settlement discussions, and the exchange of relevant documents. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice after Plaintiff files the stipulation of dismissal accompanying the proposed settlement agreement.

      The parties represent to the Court that while Plaintiff believes that the settlement amount is less than what the Plaintiff may be entitled to if he prevailed at trial, the settlement is fair, as discussed herein.

**Background**

      Plaintiff Ignacio Gomez was employed as a stocker by Defendants' supermarket, Fine Fare Supermarket, located at 1718 Madison Avenue, New York, NY 10029. Plaintiff Gomez was employed by Defendants for over eight years and alleges that he typically worked sixty three hours per week until February 2016. From February 2016 until on or about June 22, 2017, Plaintiff typically worked approximately 54 hours per week. Plaintiff alleges that he was paid a fixed weekly rate throughout his employment, regardless of his actual hours worked.

      Plaintiff therefore brought this action seeking to recover unpaid overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiff's allegations and have produced detailed time and pay records that span throughout Plaintiff's entire employment. Defendants produced evidence that they have paid Plaintiff properly for any overtime hours worked, as well as spread of hours. The records that they have produced are all signed by Plaintiff. Such thorough records would be difficult to defeat at trial or summary judgment.

After weighing the risks of trial, costs of further litigation, and the strength of Defendants' documentary evidence, the parties have reached an agreement at an early stage of litigation.

**Settlement**

The parties have agreed to settle this action for the total sum of $5,000.00 which will be paid as outlined in **Exhibit A**. After examining Defendants' documentary evidence, Plaintiff realizes that he runs the risk of a very minimal recovery, if he is entitled to anything at all. Due to the apparent weaknesses of Plaintiff's claims, we believe this to be a reasonable settlement.

Three thousand three hundred and thirty three dollars and thirty four cents ($3,333.34) of the settlement amount will be paid to the Plaintiff. The remaining 33%, Five Thousand Dollars ($1,666.66) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. The Five Thousand dollars ($5,000.00) that he will receive accounts for any minimal amount that he would be able to recover at trial, and provides for his attorney's fees as well. This recovery is also well over what Plaintiff would recover if Defendants were to successfully utilize their documentation to prove that Defendants paid Plaintiff fully in accordance with the law. Settlement at this stage also allows the parties to save costs on discovery, depositions and further litigation, and takes into account the possible risk of dismissal of this matter. Furthermore, this agreement is the product of arm's-length bargaining between experienced counsels.

Hon. Ronnie Abrams
October 6, 2017
Page 3 of 4

**Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $1,666.66 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Work performed by Mr. Faillace is indicated by the initials "MF."

- Marisol Santos is an associate at Michael Faillace & Associates, P.C. Her work is billed at $350 per hour. She graduated from Fordham Law School in 2013. Following law school, she has cultivated a specialization in employment law. Prior to joining Michael Faillace & Associates, P.C. she worked as a wage and hour litigation associate at another New York law firm, where she successfully represented small business owners and employees. Since joining Michael Faillace & Associates in October 2016, she has been responsible for all aspects of the firm's employment docket in federal court. Work performed by Ms. Santos is indicated by the initials "MS."

The lodestar amount for Plaintiff's attorneys' fees is $2,385.00. This is exclusive of the costs and expenses such as the filing of the complaint, service, and paralegal costs. A copy of Plaintiff's attorneys billing records is annexed hereto as Exhibit B. The attorneys' fees Plaintiff's

Hon. Ronnie Abrams
October 6, 2017
Page 4 of 4

attorneys will receive under the settlement is less than the lodestar amount. Therefore, it is fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement amount. Plaintiff's attorneys and their staff will still have to devote additional time to this matter after the Court approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount. Moreover, reducing the amount of the settlement that goes to Plaintiff's attorneys would be poor public policy, as it would remove an incentive for attorneys for plaintiffs in contingency fee FLSA cases from seeking to obtain the highest possible settlement amount. It also would create a disincentive to early settlement, and instead create an inventive for plaintiffs' attorneys to unnecessarily increase the amount of time they, their adversaries, and the court spend on actions that can be resolved. See Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("the Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate")(quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)). Among other things, it could create an incentive for attorneys in FLSA cases to make only minimal efforts to settle cases before settlement conferences, in order to add to their billable fees. This would be an outcome that disserves the plaintiffs, the defendants, and the Court.

However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiff's attorneys from that proposed herein, the parties and Plaintiff's attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution to Plaintiff's attorneys that the Court deems appropriate.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

                    Respectfully Submitted,

                    /s/ Michael Faillace
                    Michael Faillace, Esq.
                    Michael Faillace & Associates, P.C.
                    *Attorneys for Plaintiff*

cc:    Lewis Goldberg, Esq. (via ECF)
        *Attorney for Defendants*