USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/21/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IGNACIO GOMEZ, *individually and on behalf of others similarly situated*,

Plaintiff,

v.

BOGOPA MADISON LLC, *doing business as* FINE FARE SUPERMARKET; TONY CORONA, *also known as* LUIS CORONA; and RODOLFO FUENTES, *also known as* RODOLFO FUERTES,

Defendants.

No. 17-CV-5006 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Ignacio Gomez brought this action against Defendants Bogopa Madison LLC, Tony Corona, and Rodlfo Fuentes for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is the parties' application for approval of a settlement agreement. For the reasons set forth below, the Court approves the proposed settlement agreement.

## BACKGROUND

From approximately November 2008 to June 2017, Plaintiff worked as a stocker for a Manhattan grocery store named Fine Fare Supermarket, which was owned and operated by Tony Corona and Rodolfo Fuentes. Compl. ¶¶ 1–5, 14, 24–27 (Dkt. 1). Plaintiff alleges that he worked for Defendants for more than 40 hours per week without receiving the appropriate overtime compensation. *Id.* ¶¶ 10, 52–56. Plaintiff also alleges that he did not receive proper written notice of his rate of pay, a statement of his wages, and other mandatory wage information. *Id.* ¶¶ 75–80.


On July 3, 2017, Plaintiff initiated this action on behalf of himself and others similarly situated, asserting four causes of action for violations of FLSA and NYLL. *See id.* ¶¶ 64–80. The Court referred the case for mediation, but the parties reached settlement on all issues before the mediation could be held. *See* Dkt. 17. The parties submitted to the Court their proposed settlement agreement and a letter setting forth their views on why the agreement is fair and reasonable. *See* Dkt. 19. Attached to the letter, Plaintiff's counsel submitted billing records documenting the hours that each of Plaintiff's attorneys worked on the case. *See* Dkt. 19-2.

## LEGAL STANDARD

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). To obtain approval, the parties must demonstrate that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "A fair settlement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15-CV-06278 (BCM), 2016 WL 3647603, at *1 (S.D.N.Y. June 29, 2016) (quoting *Mamani v. Licetti*, No. 13-CV-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014))). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4)

whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

## DISCUSSION

The Court addresses the proposed settlement agreement's total settlement amount, its release provision, and the allocation of attorneys' fees. The Court finds that each of these portions of the settlement is fair and reasonable.

### A. Settlement Amount

Under the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $5,000. *See* Settlement Agreement and General Release ¶ 3. Plaintiff's counsel has not provided an estimate of what Plaintiff's potential maximum recovery at trial would be. Nor is a number easy to discern from the Complaint, where Plaintiff sought damages "in an amount to be determined at trial," attorneys' fees, costs, and $5,000 for each of the two alleged violations of the recordkeeping and wage-statement provisions of the NYLL. Compl. ¶¶ 70, 74, 77, 80. Instead of providing an estimate of what the damages might be at trial, however, Plaintiff's counsel states generally that the settlement amount "accounts for any minimal amount that he would be able to recover at trial, and provides for his attorney's fees as well." Fairness Letter at 2 (Dkt. 19). Plaintiff's counsel also states that the recovery is "well over what Plaintiff would recover if Defendants were to successfully utilize their documentation to prove that Defendants paid Plaintiff fully in accordance with the law." *Id.*

If a jury were to accept all the allegations in the Complaint as true, the proposed settlement would likely be a very small percentage of Plaintiff's potential recovery at trial. Even so, under the circumstances of this case, this amount is fair and reasonable. In the absence of a settlement,

Plaintiff would face serious "legal and evidentiary challenges." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert*, 2015 WL 8773460, at *2. In particular, Plaintiff's counsel asserts that "Defendants have produced evidence that they have paid Plaintiff properly for any overtime hours worked, as well as spread of hours. The records that they have produced are all signed by Plaintiff. Such thorough records would be difficult to defeat at trial or summary judgment." Fairness Letter at 2. Plaintiff may not be able to rebut such documentary evidence through his own testimony. *See, e.g., Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 364 (2d Cir. 2011). And the records as represented would indeed create "the risk of a very minimal recovery, if . . . anything at all." Fairness Letter at 2. This possibility weighs strongly in favor of finding the settlement reasonable. *See Wolinsky*, 900 F. Supp. 2d at 335.

Other factors also weigh in favor of finding the settlement reasonable. Plaintiff's counsel rightly notes that "[s]ettlement at this [early] stage . . . allows the parties to save costs on discovery, depositions and further litigation," which also indicates the amount is reasonable. *See* Fairness Letter at 2. Moreover, the settlement appears to have been the "product of arm's-length bargaining between experienced counsel" with no evidence of "fraud or collusion." *See Wolinsky*, 900 F. Supp. 2d at 335. For the above reasons and based on the totality of the circumstances, the Court finds that the parties' proposed settlement amount of $5,000 is fair and reasonable.

### B. Release

Plaintiff's release of claims is also reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).

4

Here, Plaintiff's releases are limited to claims "arising out of, by reason of, or relating in any way whatsoever, to the payment by Defendants to Plaintiff of unpaid wages, overtime, and all other compensation," including claims "which were, or could have been, asserted in the Litigation." *See* Settlement Agreement and General Release ¶ 4. All the released claims are related to wage-and-hour or other employee-benefits issues. *See id.* These releases are sufficiently narrow so as to survive judicial scrutiny, especially given that they were the "fair result of a balanced negotiation, in which Plaintiffs were represented by able counsel." *See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (noting that there is "nothing inherently unfair about a release of claims in an FLSA settlement" in such situations). Thus, the Court finds that the release in the proposed settlement agreement was fair and reasonable.

## C. Attorneys' Fees

Finally, the Court approves the attorneys' fees and costs. Although the proposed agreement does not itself identify how much of the $5,000 reward will go to attorneys' fees, Plaintiff's counsel represents that $1,666.66 of the settlement fund will go towards fees and costs. Because Plaintiffs do not identify any specific costs incurred in this action, however, the Court presumes that all $1,666.66—or 33.33% of $5,000—will go towards fees. *See generally Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015) ("The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs.").

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229-30. "A court evaluating attorneys' fees in an FLSA settlement may use either the 'lodestar' method or the 'percentage of the fund' method, but should

be guided in any event by factors including: '(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations.'" *Cionca*, 2016 WL 3440554, at *2 (quoting *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016)). Generally speaking, "courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances." *Santos v. EL Tepeyac Butcher Shop, Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at *3 (S.D.N.Y. Dec. 15, 2015).

Here, the proposed fee award is one-third the total settlement amount and, thus, is a reasonable percentage. The amount is also reasonable when compared to what would be awarded under the lodestar method. *See, e.g., Escobar v. Fresno Gourmet Deli Corp.*, 16-CV-6816 (PAE), 2016 WL 7048714, at *4 (approving a one-third fee award that represented a multiplier of approximately 1.03 of the lodestar amount). The lodestar amount is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," with the reasonable hourly rate defined as the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017) (citations omitted). When the lodestar calculation is greater than the attorneys' fee award, the Court "[o]rdinarily" will approve the fee, at least so long as the percentage of the award is reasonable. *See, e.g., Run Guo Zhang*, 2015 WL 5122530, at *4. In this case, Plaintiff's attorneys presented documentation and biographies for the two lawyers that they say performed billed work on Plaintiff's case: Michael Faillace and Marisol Santos. According to that documentation, Mr. Faillace is the managing member of his firm and spent 3.2 hours at a claimed rate of $450 per hour while working on the complaint, discussing the

case and settlement with his client and others at his firm, and reviewing documents sent in by Defendants. Plaintiff's submission also states that Ms. Santos is a litigation associate and spent 2.2 hours at a claimed rate of $350 per hour while discussing the case with the client and others at the firm, reviewing documents, and working on the settlement and fairness letter. *See* Dkt. 19-2. Plaintiff's counsel adds to these fees a $175 fee for one hour's work by a person labelled "PL." These fees amounted to $2,385 under the lodestar method according to the Plaintiff's calculations. *See id.*; *see also* Fairness Letter at 3.

The Court finds that the number of hours spent by Plaintiff's lawyers were reasonable and that they spent those hours on compensable matters. As for the reasonableness of the specific rates proposed by Plaintiff's counsel, the Court need not determine what exact rates would be the appropriate ones in this case because the attorneys' fees requested would still be reasonable even if Plaintiff's lawyers could not reasonably have been billed at the rates they claim. For example, even if Mr. Faillace had been charged at $300, Ms. Santos at $175, and the unidentified "PL" at $75—amounts readily accepted by courts in this District for partners, associates, and legal assistants, respectively, *see Run Guo Zhang*, 2015 WL 5122530, at *3 (gathering cases); *see also Escobar*, 2016 WL 7048714, at *4—the lodestar would still amount to $1,420. Assuming that $1,420 is the proper lodestar calculation, the ratio of the attorneys' settlement award to the lodestar amount is still only 1.17—well within the accepted range for reasonable fee awards. *See, e.g., Sakiko Fujiwara v. Sushi Yashuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding a fee that represented a 2.28 multiplier of modified lodestar calculation and noting that "multiplier near 2 compensates [plaintiffs' counsel] appropriately"). The amount of the fee is therefore reasonable both as a percentage of the net award and based on the lodestar method.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. Plaintiff's counsel will receive $1,666.66 of the settlement amount, and the remaining $3,333.34 will go to Plaintiff. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   December 21, 2017
         New York, New York

_____
Ronnie Abrams
United States District Judge